NO. 07-04-0389-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 20, 2005

______________________________

DENNIS WYNN FISHER and wife, JEAN M. FISHER, 

Appellants

v.

DEFORD PROPERTIES, a partnership, DEFORD LUMBER CO., 

a limited partnership, and HOMER H. DEFORD, individually, 

Appellees

_________________________________

FROM THE 173rd DISTRICT COURT OF HENDERSON COUNTY;

NO. 91A-495; HON. JACK H. HOLLAND, PRESIDING

_______________________________

On Abatement and Remand

_______________________________

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Dennis Fisher, Jean M. Fisher (the Fishers), and the Veterans Land Board of Texas appeal from a judgment entered in favor of DeFord Properties and Homer H. DeFord (the DeFords).  We abate the proceeding and remand it to the trial court for further action.  

Initially, we note that even if the question is not raised by the parties, this court is obligated 
sua sponte 
to determine its jurisdiction to hear an appeal.  
Welch v. McDougal, 
876 S.W.2d 218, 220 (Tex. App.--Amarillo 1994, writ denied).  And, save for a few limited situations not here applicable, it is clear that we have jurisdiction over an appeal only when a final and appealable order or judgment has been issued by the trial court.  Next, to be final and appealable, a judgment must dispose of all issues and parties in the case.  
Lehmann v. Har-Con Corp., 
39 S.W.3d 191, 195 (Tex. 2001).    

The record before us reveals that the Fishers and the Veterans Land Board of Texas filed suit against the DeFords.  Subsequently, the DeFords filed a “cross-action” against the Fishers and the Veterans Land Board seeking a permanent injunction, a determination of the rights of the parties with respect to the easement, and damages.  Additionally, DeFord Lumber Company was joined as a party defendant to the original action.  

By order dated September 18, 2003, and after taking notice of the “Cross-Plaintiffs’ Notice of Non-Suit” (a document missing from the record before us), the trial court dismissed with prejudice the counterclaim of the DeFords against the Veterans Land Board.  Then, on April 12, 2004, it entered judgment in favor of “the Defendants” and ordered that the plaintiffs take nothing against them.  However, the only defendants mentioned in the caption or in the body of the judgment were DeFord Properties and Homer H. DeFord.  Nothing was said of DeFord Lumber Company.  Nor was mention made of the DeFords’ “cross-action” (actually the counterclaim) against the Fishers.  Finally, the trial court also omitted any type of language akin to a Mother Hubbard clause denying all other relief or claims sought by any party.  

Simply put, the record fails to illustrate that the trial court disposed of all claims asserted by or against all parties.  Under these circumstances, we may “abate the appeal to permit clarification by the trial court.”  
Lehmann v. Har-Con Corp., 
39 S.W.3d at 206; 
see 
Tex. R. App. P. 
27.2 (stating that the appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record).  

Accordingly, we abate the appeal and remand the cause to the trial court.  Upon remand, the trial court is ordered to disclose whether it intended the judgment to completely dispose of all claims and all parties.  If it concludes that it intended for the judgment to dispose of all of them, it is then directed to modify the order to clearly and unequivocally evince that intent.  If it concludes that it did not so intend, such must also be disclosed to us in writing.  Finally, the trial court is directed to include each modified judgment or order it may execute and its writing, if any, clarifying its intent regarding the finality of the judgment in a supplemental record to be filed with the clerk of this court on or before February 18, 2005.  

Per Curiam